**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LABEED NOURI,

      Plaintiff,

                                            Case No. 2:10-cv-13700
v.                                        Hon. Arthur J. Tarnow
                                            Mag. Judge Laurie Michelson

OAKLAND COUNTY JAIL, *et al*

      Defendants.
_____/

**REPORT AND RECOMMENDATION REGARDING**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 34)**

**I.  RECOMMENDATION**

Pending before the Court is *pro se* Plaintiff Labeed Nouri's April 5, 2011 Motion for Default Judgment as to Defendants Michael Bouchard, James Gregory, Hein, Hala Jarbou, Karsen, Chris Miller, Oakland County Jail, and Oakland County Prosecutor's Office ("Defendants") in this prisoner civil rights action. (Dkt. 34.)  Plaintiff's Motion is premised on his mistaken belief that he properly served all of the named Defendants by mailing copies of the summons and complaints to the Oakland County Corporation Counsel office.   Because (1) Plaintiff has not properly served Defendants, and, (2) in any event, Plaintiff, as a prisoner, is not entitled to a default judgment for Defendants' failure to reply to a civil rights complaint, this Court **RECOMMENDS** that Plaintiff's Motions be **DENIED**.[1]

---

[1] "Although not specifically listed in 28 U.S.C. 636(b)(1)(A), a motion for a default judgment has been found dispositive because it is 'substantially similar to several of the listed motions'" *Victoria's Secret Stores v. Artco Equip. Co.*, 194 F. Supp. 2d 704, 714 (S.D. Ohio 2002) (*quoting Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999)).

**II.  REPORT**

    **A.**  **Background**

Plaintiff is presently an inmate at the Chippewa Correctional Facility in Kincheole, Michigan.  On September 17, 2010, he filed this prisoner civil rights complaint against ten (10) Defendants alleging, primarily, deprivations of his Constitutional rights while he was incarcerated in the Oakland County Jail.  (Dkt. 1, Complaint.)  More specifically, Plaintiff named as Defendants Oakland County Jail, Oakland County Sheriff's Department, Sheriff Michael Bouchard, Sergeant Chris Miller, Deputy Karsen, Deputy Hein, Deputy James Gregory, Oakland County Prosecutor's Office, Hala Jarbou and Oakland County Municipality.  (*Id.*)

In October 2010, Plaintiff mailed copies of the summons and complaints for all Defendants to Oakland County Corporation Counsel, Mr. Keith Lerminaux, at the Corporation Counsel address. (Dkts. 2-12, 24 at 2)  Mr. Lerminaux subsequently filed an appearance as well as an Answer to the Complaint on behalf of Defendant Oakland County.  (Dkts. 14, 15)  Mr. Lerminaux also sent a letter to Plaintiff advising that he was not authorized to accept service for any Defendant other than the County, that the Jail, Sheriff's Office and Prosecutor's Office were not legal entities subject to suit and that Plaintiff should provide the Summonses and Complaints to the Marshal's Office.  (Dkt. 26, Oakland County's Resp. to Pl.'s Req. for Default J., Ex. B).

Believing that he had properly served all of the Defendants by mailing the service of process documents to the Oakland County Corporation Counsel – but having received no responses from any Defendant other than Oakland County – Plaintiff requested a Clerk's entry of Default Judgment on March 16, 2011.  (Dkt. 24 at 2.)  Defendant Oakland County filed a response, explaining that "The Oakland County Corporation Counsel's office was not the appropriate place to serve the other

2

Defendants as the undersigned was only authorized to accept service for Defendant Oakland County." (Dkt. 26.) On March 18, 2011, the Clerk issued a Notice of Denial of Request for Default judgment because "a clerk's entry of default has not been entered." (Dkt. 27.) Thereafter, on March 31, 2011, Plaintiff filed a letter he sent to the Clerk's office explaining:

> Some time ago I attempted service by sending my Summonses and Complaints to the Oakland County Department of Corporation Counsel. They have sent me a letter stating that they are not authorized to accept service "by any of the Defendants other than Oakland County."
>
> Could you please send me eight Summonses so that I might complete the service process of my civil rights action.

(Dkt. 32.)

On April 5, 2011, however, Plaintiff filed the current Motion for Default Judgment with the Court based on his belief "that Oakland County Corporation is an appropriate place to leave service for all Defendants since Defendants are employees of Oakland County and work at the same address of the Oakland County Corporation counsel which is an agency and instrument of the Oakland County." (Dkt. 26 at 2.) On April 6, 2011, this Court directed Plaintiff, pursuant to Fed. R. Civ. P. 4(m), to serve the individual Defendants. (Dkt. 35.)

**B.   Analysis**

As a threshold matter, Plaintiff's Motion should be denied on procedural grounds. In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a). If obtained, then the proponent may file for default judgment by the clerk, or by the court. Fed. R. Civ. P. 55(b). Plaintiff did not request a clerk's entry of default – which was the basis of the Clerk's denial of Plaintiff's first request for default judgment. (Dkt. 27.) Nor did Plaintiff seek an entry of default prior to seeking judgment by the Court, and

thus, "Plaintiff's motion for default judgment is not properly before this court." *Meier v. Green*, No. 07-CV-11410, 2007 U.S. Dist. LEXIS 43058, at *10 (E.D. Mich. June 14, 2007); *Hickman v. Burchett*, No. 2:07-cv-743, 2008 WL 926609, *1 (S.D. Ohio Apr. 4, 2008) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." (internal quotation marks omitted, collecting cases)).[2]

Additionally, a default judgment is only appropriate where a defendant fails to plead or otherwise defend the claim asserted by the plaintiff. Fed. R. Civ. P. 55(a). "Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default." *Fisher v. Lynch,* 531 F. Supp. 2d 1253, 1269 n.12 (D. Kan. 2008). This "prerequisite" has yet to be satisfied.

Plaintiff is responsible for serving Defendants. Fed. R. Civ. P. 4(c)(1). In its Order Directing Service, the Court explained several methods for properly serving the individual Defendants.[3] (Dkt. 35 at 2-4.) For example, the Federal Rules of Civil Procedure provide that an individual may be served by:

---

[2] Plaintiff did not request entry of default until April 14, 2011 (Dkt. 42) – well after filing this Motion for Default Judgment. That request was denied by the clerk (Dkt. 43) in light of the Court's April 6, 2011 Order directing service on the Defendants. (Dkt. 35)

[3] In this Order, this Court did not direct service upon – and indicated an intention to recommend the dismissal of – Defendant Oakland County Sheriff's Office, Oakland County Jail or Oakland County Prosecutor's Office because they are not legal entities subject to suit. *See Pappas v. Oakland County, et al*, No. 08-14459, 2009 U.S. Dist. LEXIS 102951, at *7 (E.D. Mich. Oct. 15, 2009) ("Courts in this district, and in the Western District, have consistently held that Sheriff's Offices are not entities subject to suit."); *Fletcher v. MDOC, et al*., No. 09-13904, 2010 U.S. Dist LEXIS 56757, at *8-9 (E.D. Mich. June 9, 2010) (dismissing defendant Oakland County Jail upon stipulation of the parties that it is not a legal entity subject to suit); *Disney v. City of Dearborn, et al.*, No. 06-12795, 2006 U.S. Dist. LEXIS 53462, at *9 (E.D. Mich. Aug. 2, 2006) ("A county prosecutor's office is not an entity subject to suit under § 1983").

>   (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
>   (2) doing any of the following:
>
>   >   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   >
>   >   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   >
>   >   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Similarly, the Michigan Court Rules provide that process may be served on a resident or nonresident individual by:

>   (1) delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A).

Here, there is no indication that the summons and complaint were served on Defendants personally or left at their homes – and the Oakland County Corporation Counsel has indicated that he is not "authorized by appointment or by law" to accept service on behalf of other Defendants. (Dkt. 26 at 1). There is also no indication that Plaintiff sent the summonses and complaints by registered or certified mail – and Plaintiff has not produced a return receipt signed by Defendants showing compliance with Mich. Ct. R. 2.105(A)(2). While Plaintiff may have attempted service by mailing the summonses to the Oakland County Corporation Counsel, proper service was not

effectuated prior to the filing of Plaintiff's Motion. *See Meier*, 2007 U.S. Dist. LEXIS 43058 at *7; *Berger v. King World Prods., Inc.*, 732 F. Supp. 766, 769 (E.D. Mich. 1990).

Lastly, a default judgment in this case would be improper even if Plaintiff properly served Defendants because §1997e(g)(1) of the Prison Reform Litigation Act provides that "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law." 42 U.S.C. § 1997e(g)(1). As the Supreme Court has explained, pursuant to this provision "unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones v. Bock,* 549 U.S. 199, 213-14 (2007). Thus, "prisoner plaintiffs filing suit under § 1983 are not entitled to entry of default against a defendant who has been properly served, but nevertheless has not filed any reply." *LaFountain v. Martin*, No. 1:07-cv-76, 2009 U.S. Dist. LEXIS 112349, at *11 (W.D. Mich. Dec. 3, 2009).

### C. **Conclusion**

In sum, there has been no request by Plaintiff for entry of a default by the clerk, Defendants have yet to be served, and a default judgment is not the appropriate remedy for a defendant's failure to respond to a prisoner's complaint seeking relief under § 1983. Accordingly, this Court recommends **DENIAL** of Plaintiff's Motion for Default Judgment.

### III.  FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*,

474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. A copy of any objections is to be served upon this magistrate judge. E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                         s/Laurie J. Michelson  
                                         LAURIE J. MICHELSON  
                                         UNITED STATES MAGISTRATE JUDGE

Dated: May 9, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 9, 2011.

                                         s/J. Johnson  
                                         Deputy Clerk